# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

WILLIAM BLAKEMORE                                                                PLAINTIFF

v.                                                              CIVIL ACTION NO. 3:10-CV-179-S

JUDGE SEAN DELAHANTY et al.                                          DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, William Blakemore, *pro se*, *in forma pauperis* complaint (DN 1).  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff sues state-court judges Sean Delahanty, Toni Stringer, Donna Delahanty, and Joseph O'Reilly; the Kentucky Child Support Administration; "Enforcement C. Maddox;" Assistant County Attorney Deanna Cushome; and caseworker Donna Stalled.  He complains regarding his Kentucky-ordered child-support obligations.  His complaint alleges that Kentucky Revised Statutes chapters 205, 403, 405, 406 and 407 are not being implemented in compliance with 42 U.S.C. § 651 *et seq.*  It appears from the complaint that Plaintiff has been required to make child-support payments since 1999.  He asks for relief from further persecution and prosecution, restitution, and the appointment of a compliance agent to study the child-support system and the courts.

## II. ANALYSIS

This Court must review the instant action.  *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05.  Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff's complaint alleges that Kentucky Revised Statutes chapters 205, 403, 405, 406 and 407 are being implemented by the State in violation of 42 U.S.C. § 651 *et seq*. The statutory sections of Title 42 of the U.S. Code referenced by Plaintiff is Title IV-Part D of the Social Security Act, which sets forth enforcement obligations that must be met by a state plan for child and spousal support.

However, Plaintiff does not have a private cause of action under Title IV-Part D. *See Cuvillier v. Taylor*, 503 F.3d 397, 405-06 (5th Cir. 2007) (holding there is no private cause of

action under Title IV-Part D).  Nor would interpreting Plaintiff's suit as one brought under 42 U.S.C. § 1983 be of any help to Plaintiff.  Provisions of Title IV-Part D which set forth enforcement obligations which must be met by a state plan for child support do not give rise to a federal right that is enforceable through private cause of action under § 1983.  *See Clark v. Portage County, Ohio*, 281 F.3d 602 (6th Cir. 2002).

To the extent that Plaintiff is seeking the modification or overturning of a state-court order deciding the issue of child support, this Court is without jurisdiction.  Other than the United States Supreme Court, federal courts are without jurisdiction to adjudicate claims which seek review of a state decision on the ground that the decision violated the federal constitutional rights of one of the parties.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also Briscoe v. Jackson*, 285 F. App'x 205, 207 (6th Cir. 2008); *Scotti v. Brennan*, No. 09-11953, 2009 WL 1689892, at *2 (E.D. Mich. June 16, 2009) ("United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional.")

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate order, dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted.

Date:


cc:      Plaintiff, *pro se*
         Defendants
4411.009